UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICHARD WHITE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:11cv417 JD |
| | ) | |
| ROSE VAISVILAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Richard White, a prisoner confined at the Westville Correctional Facility ("WCF"), filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that WCF officials violated his federally protected rights. The Defendants are Health Care Director Rose Vaisvilas, Dr. Barbra Brubaker, M.D., Dr. Kevin Krembs, M.D., grievance official Linda Van Natta, and Aramark Foods official Barney Turnipseed. This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint against governmental entities or officials and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

> detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id*.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McReady v. Ebay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). The Court must review a *pro se* plaintiff's submission more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94(2007) (per curiam).

CLAIMS AGAINST DEFENDANTS VAISVILAS,<br>BRUBAKER, AND KREMB

According to the complaint and its attachments, Defendants Vaisvilas, Brubaker, and Kremb did not provide Mr. White treatment for Hepatitis C even though his blood works showed that he had elevated numbers justifying treatment. He alleges that the lack of treatment "has already effected Plaintiff's liver — giving him cirrhosis and spurred on kidney failure and congestive heart failure . . . [which] . . . is causing daily pain both physical and emotional . . ." [DE 1 at 5].

Mr. White alleges that Defendants' lack of treatment for his Hepatitis C "violated [his] 5th, 8th, & 14th amendment rights" [DE 1 at 5]. In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the defendants' actions. *Graham v. Conner*, 490 U.S. 386, 394, (1989). The Fifth Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials. *Craig v. Cohn*, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000). The Fourteenth Amendment's due process clause protects pretrial detainees and the Eighth Amendment's cruel and unusual punishments clause protects the rights of those convicted of crimes. *Bell v. Wolfish*,

441 U.S. 520, 535 n. 16 (1979). Mr. White was a convicted state prisoner when his claims arose, so this complaint must be analyzed under Eighth Amendment standards.

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (*cert. denied,* 519 U.S. 1126 (1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373. Giving him the benefit of the inferences to which he is entitled at the pleadings stage, Mr. White states a plausible Eighth Amendment medical treatment claim against Defendants Vaisvilas, Brubaker, and Kremb

CLAIMS AGAINST BARNEY TURNIPSEED

Mr. White alleges that Defendant Turnipseed violated his Eighth Amendment rights by "serving the Plaintiff an inadequate medical diet as prescribed by Plaintiff's Doctor. Defendant [Turnipseed] is a fund supervisor for Aramark Foods . . . and is in charge of feeding the Plaintiff" [DE 1 at 8]. Mr. White asserts that because he is being served an inadequate diet he has suffered from chest and heart pains.

The Court reads the complaint as alleging that a doctor prescribed Mr. White a medical

4

diet but that Mr. Turnipseed did not follow the doctor's orders. Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73. If a doctor diagnosed Mr. White as having a serious medical need and described a special diet, and Mr. Turnipseed refused to provide him the prescribed diet, causing him injury, that states a plausible claim upon which relief could be granted. Accordingly, giving Mr. White the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that he can prove no Eighth Amendment claim against Mr. Turnipseed.

## CLAIMS AGAINST LINDA VANATTA

The Plaintiff sues WCF grievance official Linda VanNatta asserting that she violated his federally protected rights by denying the grievance he filed regarding his medical treatment [DE #1 at 7]. But a prisoner has no due process rights with respect to the prison grievance procedures, and that a grievance official ignores, mishandles, or denies a prisoner's grievance does not state a claim under § 1983.

> Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.

*Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation") (citations omitted). Accordingly, the Plaintiff states no claim upon which relief can be granted against Defendant VanNatta.

5

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the Court:

(1) GRANTS the Plaintiff leave to proceed against Defendants Vaisvilas, Brubaker, and Kremb in their individual capacities for damages, and in their official capacities for injunctive relief, on his Eighth Amendment claim that they denied him needed treatment for Hepatitis C, and GRANTS the Plaintiff leave to proceed against Defendant Turnipseed in his individual capacity for damages, and in his official capacity for injunctive relief, on his Eighth Amendment claim that he denied the Plaintiff a prescribed medical diet;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A, Defendant Linda VanNatta and all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that Defendants Vaisvilas, Brubaker, Kremb, and Turnipseed respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the Marshals Service to effect service of process on Defendants Vaisvilas, Brubaker, Kremb, and Turnipseed on the Plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: January 25, 2012

　　　　　/s/ JON E. DEGUILIO　　　　
Judge
United States District Court